nature." The second medical affidavit, which was based on an examination of plaintiff made over four years after the accident, described the injuries in the following manner: "Mr. Pezone has sustained a chronic traumatic osteo arthritis of the right ankle joint, secondary to fracture and dislocation thereof, which condition causes him severe pain and limitation of motion, and it is accompanied by a partial destruction of the bones, joint capsule and cartilage of the right ankle with loss of strength of the muscles, disturbance of blood supply and relaxation of the ligaments. *This condition is permanent in nature and will become progressively worse as time goes on, and in addition, the osteoarthritic process will increase and therefore increase Mr. Pezone's pain and suffering. The cause of the said condition was the improper healing of the dislocation and fracture of the right ankle, causing the ankle mortise to be asymetrical in shape and narrowing of the joint space.*" (Emphasis added.) Under the circumstances, I believe that the denial of the motion was an abuse of discretion and, accordingly, I dissent and vote for a reversal.

H. L. WILKINSON & COMPANY LIMITED, Appellant-Respondent, v. CALVINE MILLS INC., Respondent-Appellant

Concur — Stevens, J. P., Eager, Capozzoli, Tilzer and Witmer, JJ.

MARGARITA SORACE, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant

Concur — Stevens, J. P., Eager, Capozzoli, Tilzer and Witmer, JJ.

CARMEN SOSA, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant-Respondent, and H. L. LAZAR, INC., Appellant, et al., Defendants.—

Concur — Steuer, J. P., Capozzoli, McNally, McGivern and Witmer, JJ.